NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GURWINDER SINGH

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   22-171

Agency No. A209-156-704

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 20, 2023
San Francisco, California

Before:  SCHROEDER, CALLAHAN, and BUMATAY, Circuit Judges.

Gurwinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of an Immigration Judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  We review the agency's factual findings for substantial evidence and review questions of law de novo.

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020); *see Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (we must uphold the agency's determination unless the evidence compels a contrary conclusion). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. The BIA assumed without deciding that Singh had established past persecution but found that the Department of Homeland Security ("DHS") had rebutted this assumption by showing that Singh could safely and reasonably relocate within India. DHS may rebut the presumption of a well-founded fear of persecution by showing, by a preponderance of the evidence, that (1) the applicant no longer has a well-founded fear of persecution in the country of their nationality or (2) that he can safely and reasonably internally relocate. *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019). Although the IJ decided Singh's case in 2018 before we decided *Singh v. Whitaker*, the BIA applied that precedent in its 2022 decision and conducted an adequate individualized assessment of Singh's circumstances. The BIA considered whether Singh would be targeted for his continued support of the Mann Party outside of Punjab.

First, substantial evidence supports the BIA's conclusion that Singh can safely relocate in India. Singh argues that he cannot safely relocate because he is a member of the Mann Party and faces threats by both the Bharatiya Janata Party ("BJP") and Akali Dal Badal Party ("Badal Party"). The record supports the conclusion that

2

Singh is a low-level member of the Mann Party, and the central authorities controlled by the BJP target "high-profile militants." Singh is also unlikely to suffer persecution by Badal Party outside of Punjab since different political parties control other states. *Singh*, 914 F.3d at 659 ("there must be an area of the country where [the applicant] has no well-founded fear of persecution" for the applicant to safely relocate internally).[1]

Second, substantial evidence supports the conclusion that it would be reasonable for Singh to internally relocate. *See Plancarte Sauceda*, 23 F.4th at 831. Singh argues that he only speaks Punjabi fluently and that "he has never lived or worked outside of Punjab." But no legal restrictions prevent Singh from relocating, and he is a high school graduate with work experience and financial support from his family. 8 C.F.R. § 1208.13(b)(3); *Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir. 2004) (courts determine the reasonableness of internal relocation by considering the applicant's age, health, education, and economic status). This record does not compel a different conclusion than the BIA reached.

Because the issue of internal relocation within India is dispositive, we decline to reach whether the change in political power in Punjab constituted a change in

---

[1] At argument, Singh argued for the first time that the BIA failed to distinguish between persecution by the political parties and that done by party supporters. This argument was not made in Singh's opening brief, and so is deemed waived. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

circumstances.  *INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976) (courts are not required to decide issues unnecessary to their results).

2. Because "[a] failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation," Singh's withholding claim fails.  *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

3. Singh did not contest the IJ's denial of his petition for CAT relief before the BIA.  Since we consider only the grounds relied upon by the BIA, this claim falls outside the scope of our review.  *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004).

**PETITION DENIED.**